Kalombo v. Bondi

BIA
Hochul, IJ
A206 060 646

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of December, two thousand twenty-five.

PRESENT:
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

EMANUEL KASHAMA KALOMBO,
> *Petitioner,*

v.                                                          23-7851

                                                            NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:                    Anne E. Doebler, Esq., Buffalo, NY.

**FOR RESPONDENT:**              Brian M. Boynton, Principal Deputy Assistant
Attorney General; Anthony C. Payne,
Assistant Director; Raya Jarawan, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Emanuel Kashama Kalombo, a native and citizen of Angola, seeks review of an October 25, 2023, decision of the BIA affirming a July 18, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Kalombo*, No. A 206 060 646 (B.I.A. Oct. 25, 2023), *aff'g* No. A 206 060 646 (Immig. Ct. Buffalo July 18, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). "We review *de novo* questions of law and the application of law to fact" and "[w]e review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard[.]" *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he

2

administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, the consistency of such statements with other evidence of record . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Here, substantial evidence supports the agency's adverse credibility determination.

First, as the Government asserts, Kalombo failed to exhaust challenges to several grounds for that determination. *See* 8 U.S.C. § 1252(d)(1); *Santos-Zacaria*

3

*v. Garland*, 598 U.S. 411, 419, 423 (2023) (exhaustion pursuant to 8 U.S.C. § 1252(d)(1) is a "claim-processing rule" that is "subject to waiver and forfeiture"); *Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (concluding that exhaustion is "mandatory in the sense that a court must enforce the rule if a party properly raises it") (citation modified). Kalombo's brief to the BIA did not mention—and the BIA did not address—the IJ's reliance on the asylum interviewer's summary, an inconsistency regarding Kalombo's father's nationality, the plausibility that Kalombo obtained a party-affiliation identification card days after escaping police custody, or the plausibility of obtaining a photograph with his wife and child while hospitalized under police supervision. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."). These unchallenged findings thus stand as valid grounds for the adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008) (noting that "waiver is significant" where unchallenged "findings could, by themselves, support an adverse credibility determination"). However, "where the BIA nonetheless addressed an issue not

4

raised on appeal," we may review the BIA's treatment of those issues.   Ud Din, 72 F.4th at 420.   We do so below.

In addition to the unchallenged findings, the IJ reasonably relied on Kalombo's inconsistent accounts of his treatment in prison and his injuries.[1]   His written statement reported that he was "waterboarded" twice during his week in prison, and he initially reiterated that claim at his hearing, but he then added that he was assaulted in a less severe fashion three times each day, and he later claimed that he was waterboarded twice a day.   These varying descriptions are significant because they relate directly to the alleged persecution.   *See*; *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (finding that "material inconsistency in an aspect of [petitioner's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding") (citation modified).   Additionally, Kalombo testified that the police broke his arm, but the medical report does not identify that injury despite describing other injuries in detail.   *See id*.   The IJ was not compelled to accept Kalombo's explanation—that he escaped from the

---

[1] We do not rely on the IJ's determination that supporting letters were inconsistent in stating that Kalombo feared return to the Democratic Republic of the Congo rather than to Angola because the letters stated that he feared both.

5

hospital before treatment was complete—because the medical report states that the doctors completed a full physical examination before beginning treatment. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony.") (citation modified).

The IJ also reasonably relied on Kalombo's failure to corroborate his claims that his father disappeared in the Democratic Republic of the Congo ("DRC") and that his cousin was arrested and killed (or made to disappear) by the police who were looking for Kalombo after his escape. *See Malets v. Garland*, 66 F.4th 49, 57 (2d Cir. 2023) ("[A]n applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.") (citation modified). Statements from his family and friends in support of his claim do not refer to these events. *See Wei Sun v. Sessions*, 883 F.3d 23, 31 (2d Cir. 2018) (explaining that an applicant "bears the ultimate burden of introducing . . . evidence without prompting from the IJ") (citation modified). Additionally, the IJ reasonably gave diminished weight to a letter purportedly

from Kalombo's father's attorneys in the DRC given its last-minute submission. *See Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) ("We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence.").

Finally, the IJ may have erred in finding it implausible that Kalombo could have left Angola on an international flight while there was a warrant for his arrest. Kalombo explained that he was assisted by a friend who worked at the airport, and there was no evidence that security practices in Angolan airports were coordinated to identify anyone with an outstanding warrant. *See Cao He Lin v. U.S. Dep't of Just.*, 428 F.3d 391, 405 (2d Cir. 2005) ("[A]bsent record evidence of practices in foreign countries, the IJ must not speculate as to the existence or nature of such practices."). Despite this speculation, the other findings, particularly the inconsistencies about the alleged persecution and resulting injuries, provide substantial evidence for the adverse credibility determination, such that "we can state with confidence that IJ would adhere to h[er] decision were the petition remanded." *Liangping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016) (citation modified); *Xiu Xia Lin*, 534 F.3d at 167; *see also Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from

7

showing that an IJ was compelled to find him credible.   Multiple inconsistencies would so preclude even more forcefully.").

We have considered all remaining arguments and find no grounds that would compel a finding of error in the adverse credibility determination.   That adverse credibility determination is dispositive of asylum, withholding, and CAT relief because all three forms of relief were based on the same discredited facts. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court